[Doc. No. 37]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MORGAN SCOTT,<br><br>        Plaintiff,<br><br>  v.<br><br>CORRECTIONAL MEDICAL SERVICES, INC., NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE HAYMAN, DEEPA BOCK, JOHN GODINSKY, CLAVEL NELSON, VIVEK BAGADE, JOHN DOE (1-10), JANE DOE (1-10),<br><br>        Defendants. | Civil No. 06-5552 (RMB)<br><br>**OPINION & ORDER** |

Appearances:

    Rosemary Pinto
    Feldman & Pinto
    1604 Locust Street, 2R
    Philadelphia, PA 19103
        Attorney for Plaintiff.

    Sarah Brie Campbell
    Office of the Attorney General
    Department of Law & Public Safety
    RJ Hughes Justice Complex
    P.O. Box 112
    Trenton, NJ 08625
        Attorney for Defendants, New Jersey Department of
        Corrections and George Hayman.

**BUMB,** United States District Judge:

    This matter comes before the Court on a motion to dismiss

the complaint for failure to state a claim or, alternatively, for summary judgment, brought by Defendants New Jersey Department of Corrections ("NJDOC") and George Hayman ("Commissioner Hayman" or "Hayman") (collectively, "Defendants").  Plaintiff, an inmate at South Woods Prison in Bridgeton, New Jersey, brought a claim against, <u>inter alia</u>, Defendants under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights.  Defendants now seek to dismiss this claim against them.

**NJDOC**

Defendants seek to dismiss the complaint as against the NJDOC on grounds of sovereign immunity under the Eleventh Amendment and Plaintiff's failure to state a claim against a "person" under 42 U.S.C. § 1983.  In his brief, Plaintiff concedes this claim.

The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself

or by federal statute.  See e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states as well as their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).

In addition, neither a state, a governmental entity considered an arm of the state for Eleventh Amendment purposes, nor a state officer sued in his/her official capacity for money damages is a "person" within the meaning of Section 1983.  Will v. Michigan Dept. Of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

Because the NJDOC is a state agency entitled to sovereign immunity under the Eleventh Amendment and is not a "person" subject to liability under 42 U.S.C. § 1983, Defendants' motion as to the NJDOC is granted.

**Commissioner Hayman**

As to Commissioner Hayman, Defendants seek to dismiss the complaint for failure to state a claim or, alternatively, for summary judgment on the following grounds: (1) Plaintiff cannot show the requisite deliberate indifference, (2) Plaintiff's complaint is improperly based upon a theory of respondeat

superior, and (3) Commissioner Hayman is entitled to qualified immunity. In response, Plaintiff argues that (1) Hayman was deliberately indifferent by allowing NJDOC's arbitrary and burdensome policies and procedures to continue, and (2) Plaintiff's complaint is not based on a theory of respondeat superior, but rather Hayman's non-delegable duty to provide healthcare.

Although not raised in either Defendants' or Plaintiff's briefs, the Eleventh Amendment also extends sovereign immunity to state officers acting in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Moreover, a state officer sued in his/her official capacity for money damages is not considered a "person" within the meaning of Section 1983. Will, 491 U.S. at 64, 70-71 and n.10 (1989). Accordingly, Plaintiff's claim against Commissioner Hayman in his official capacity is also barred by sovereign immunity.[1] Thus, Defendants' motion to dismiss as to Commissioner Hayman in his official capacity is granted.

---

[1] To the extent Plaintiff seeks to assert claims against Commissioner Hayman in his personal capacity, a fact not evident in the Complaint, Plaintiff may proceed pursuant to Rule 15(a) by amending his complaint. However, the Court questions whether Plaintiff can effectively state such a claim given that Hayman was not appointed Acting Commissioner of the NJDOC until January 2006, after the period of Plaintiff's alleged mistreatment and misdiagnosis had ended. The Court need not address this issue at this point.

IT IS HEREBY **ORDERED** that Defendants' motion to dismiss the complaint as against the NJDOC and Commissioner Hayman is **GRANTED.**

Dated: <u>October 30, 2007</u>          <u>s/Renée Marie Bumb         </u>
                                        RENÉE MARIE BUMB
                                        United States District Judge